**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bankruptcy Case No. 17-42726 (KHS) |
| WYNIT Distribution, LLC, | Chapter 11 |
| Debtor. | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF VIDBOX, INC. TO THE NOTICE OF HEARING AND MOTION FOR INTERIM AND FINAL ORDERS GRANTING (I) AN EXPEDITED HEARING, (II) AUTHORITY TO (A) OBTAIN POSTPETITION FACILITY, (B) USE CASH COLLATERAL, AND (C) PROVIDE CERTAIN PROTECTIONS TO PREPETITION SENIOR LENDERS, AND (III) RELATED RELIEF**

VIDBOX, Inc. ("Vidbox"), by and through its undersigned counsel, hereby files its Limited Objection and Reservation of Rights (the "Vidbox Limited Objection") to Debtor's Notice of Hearing and Motion for Interim and Final Orders Granting (I) an Expedited Hearing, (II) Authority to (A) Obtain Postpetition Facility, (B) Use Cash Collateral, and (C) Provide Certain Protections To Prepetition Senior Lenders, and (III) Related Relief (the "Cash Collateral Motion"). The Vidbox Limited Objection is based on the matters set forth herein, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter

**BACKGROUND**

1. Vidbox is a Texas corporation that provides computer software and hardware to consumers through consignment and other agreements with distribution companies (including the Debtor) who sell Vidbox's consigned goods to consumers through various retailers.

2. In 2008, Navarre Distribution Services, Inc. (a Minnesota corporation) and Honestec, Inc. (a Texas corporation) entered into that certain Distribution Agreement Computer

Software (Sell-Thru) (the "Sale Agreement") and that certain Rider to Computer Software Distribution Agreement (the "Consignment Agreement" and collectively, the "Agreements"), both dated February 28, 2008.

3. The parties amended the Sale Agreement in November 2011 (the "First Amended Agreement").

4. Pursuant to that certain Amendment No. 2 to the Distribution Agreement Computer Software Sell-Thru Between Wynit Distribution, LLC and Vidbox Inc (the "Second Amended Agreement")[1] the Debtor (by way of its acquisition of the majority of the assets of Navarre Distribution Services, Inc. as of July 9, 2014) and Vidbox (by way of its acquisition of the majority of the assets of Honestech, Inc. on or about March 1, 2015) agreed, *inter alia*, to continue the arrangements of their predecessor entities.

5. Pursuant to and in accordance with the terms of the Consignment Agreement, Vidbox continued to consign goods to the Debtor for eventual sale to consumers through various retailers during their business relationship.

6. In August 2017, unbeknownst to Vidbox, the Debtor ceased operations.

7. Upon learning of the cessation of the Debtor's operations, on August 28, 2017, Vidbox immediately served the Debtor with a termination notice – which, among other things, terminated the Agreements without further cure period as a result of the Debtor's clear inability to pay its debts as they came due under the terms of the Agreements.

8. The Debtor confirmed receipt of the termination notice on August 30, 2017.

---

[1] The Sale Agreement, the Consignment Agreement, the First Amended Agreement, and the Second Amended Agreement are all subject to a confidentiality provision, and are thus not attached to this objection until such time as appropriate arrangements can be made with the appropriate parties to the same.

9. At the time of the termination of the Consignment Agreement, the Debtor held certain items of property of Vidbox (the "Vidbox Consigned Goods") which property has not been returned.

10. Pursuant to the Consignment Agreement, Vidbox remains "vested with all right, title, and interest in each item of Consigned Product until sale by Retailer to an End User."

11. Further, the Consignment Agreements provides that the Debtor "will not in any way acquire any right, title, or interest in any Consigned Product…"

12. On September 8, 2017, the Debtor filed its voluntary petition seeking relief under the Bankruptcy Code (the "Petition Date").

13. On that same day, the Debtor filed the Cash Collateral Motion, by which it seeks, among other things, to grant to its proposed secured lender "security interests, liens, and superpriority claims, in addition to priming liens on the Debtor's assets pursuant to 11 U.S.C. §§ 364(c) and (d), in order to secure post-petition financing. *See* Cash Collateral Motion [EFC #6], pg. 4.

14. Accordingly, and in light of the termination of the various agreements prior to the Petition Date, Vidbox objects to the Cash Collateral Motion to the extent the Debtor improperly seeks to include Vidbox Consigned Goods in the property pledged to secure its proposed post-petition financing arrangement with the Postpetition Lenders, as such property is not property of the estate pursuant to 11 U.S.C. § 541.

**RESERVATION OF RIGHTS**

15. With respect to the Vidbox Consigned Goods, and any other agreement with the Debtor related thereto, in any way, Vidbox hereby expressly reserves all rights, interests, claims, administrative expense claims, counterclaims, rights of setoff and recoupment, and/or defenses

pertaining to the same, including, but not limited to the right to further supplement this objection, and joins in the objections of other parties in interest, to the extent not inconsistent herewith.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: September 13, 2017	By: */e/ Jeffrey D. Klobucar*
Jeffrey D. Klobucar (#0389368)
100 South Fifth Street, Suite 1500
Minneapolis, MN  55402
jklobucar@bassford.com
Telephone: (612) 333-3000
Facsimile: (612) 333-8829

***Attorneys for VIDBOX, Inc.***

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bankruptcy Case No. 17-42726 (KHS) |
| WYNIT Distribution, LLC, | Chapter 11 |
| Debtor. | |

**VERIFICATION**

I, Jay Choi, declare, under penalty of perjury, that I am the president of Vidbox, Inc., a party in interest to the above-entitled matter. The factual components of the foregoing Limited Objection are true and correct to the best of my information, knowledge, and belief.

Executed On: Sept. 13, 2017        By: _____
                                        Jay Choi, President

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                  Bankruptcy Case No. 17-42726 (KHS)

WYNIT Distribution, LLC,                   Chapter 11

Debtor.

---

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

---

I, Jeffrey D. Klobucar, an attorney licensed to practice law in this Court, with an office address of 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402, declare that on September 13, 2017, I caused the following documents:

- **LIMITED OBJECTION AND RESERVATION OF RIGHTS OF VIDBOX, INC. TO THE NOTICE OF HEARING AND MOTION FOR INTERIM AND FINAL ORDERS GRANTING (I) AN EXPEDITED HEARING, (II) AUTHORITY TO (A) OBTAIN POSTPETITION FACILITY, (B) USE CASH COLLATERAL, AND (C) PROVIDE CERTAIN PROTECTIONS TO PREPETITION SENIOR LENDERS, AND (III) RELATED RELIEF**

to be served and filed electronically with the Clerk of the Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to all parties registered to receive electronic service.

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:  September 13, 2017            By: /e/ Jeffrey D. Klobucar
                                              Jeffrey D. Klobucar (MN #0389368)