IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Joint Administration Pending |
| WYNIT DISTRIBUTION, LLC, et. al.[1] | Case No. 17-42726 (KHS) |
| Debtor. | Chapter 11 Cases |

**MCAFEE, LLC LIMITED OBJECTION
TO DEBTOR'S MOTION FOR INTERIM
AND FINAL ORDERS GRANTING (I) AN
EXPEDITED HEARING, (II) AUTHORITY TO
(A) OBTAIN POSTPETITION FACILITY, (B) USE CASH
COLLATERAL, AND (C) PROVIDE CERTAIN PROTECTIONS
TO PREPETITION SENIOR LENDERS, AND (III) RELATED RELIEF**

McAfee, LLC ("McAfee"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Notice of Hearing and Motion for Interim and Final Orders Granting (I) an Expedited Hearing, (II) Authority to (A) Obtain Postpetition Facility, (B) Use Cash Collateral, and (C) Provide Certain Protections to Prepetition Senior Lenders, and (III) Related Relief* [Docket No. 6] (the "DIP Motion").[2] In support hereof, McAfee respectfully represents:

**RELEVANT BACKGROUND**

1. **The Distribution Agreement**. As of the Petition Date, a Distribution Agreement dated August 1, 2001 by and between Network Associates, Inc. (now McAfee) and Navarre Corporation and its predecessors, successors and assigns (as modified, amended and supplemented from time to time, the "Distribution Agreement") governed the parties'

---

[1] The Debtors in these chapter 11 cases are the following: Wynit Distribution, LLC (Case No. 17-2726), WD Navarre Distribution, LLC (Case No. 17-42728), WD Encore Software, LLC (Case No. 17-42729), WD Navarre Digital Services, LLC (Case No. 17-32865), WD Navarre Holdings, LLC (Case No. 17-32864), Wynit Holdings, Inc. (Case No. 17-32866), WD Navarre Canada, ULC (Case No. 17-32867).

[2] Capitalized terms used but not defined in this Objection shall have the meanings ascribed to them in the DIP Motion.

relationship. Since execution of the Distribution Agreement, the parties have agreed to multiple amendments, riders, and related supporting documents to the Distribution Agreement that primarily operated to change the term or territory of that agreement, or memorialized certain corporate changes of the parties. Pursuant to the Distribution Agreement, the Debtors purchased from McAfee certain software products, which the Debtors in turn marketed and sold to retailers for sale to end users. Additionally, pursuant to the Consignment Riders discussed more fully below, McAfee placed certain goods on consignment with the Debtors.

      2.    **The Consignment Riders.**  There are two consignment riders to the Distribution Agreement: the "Consignment Rider to Distribution Agreement" dated as of July 27, 2011 by and between McAfee, Inc. and Navarre Distribution Services, Inc. and the "Canadian Consignment Rider to Distribution Agreement" dated as of August 16, 2011 by and between McAfee Ireland Limited and Navarre Distribution Services, ULC (together, the "Consignment Riders"). The Debtors had developed consignment programs with certain major retailers (in both the United States and Canada) and pursuant to the Consignment Riders McAfee could elect to participate in such programs with respect to all or a portion of its goods provided to those retailers (goods provided on consignment subject to the Consignment Riders, "McAfee Consigned Goods" and any proceeds flowing therefrom, "McAfee Consigned Proceeds").

      3.    The Consignment Riders provide that McAfee retains ownership of the McAfee Consigned Goods:

a. "McAfee remains vested with all right, title and interest in each item of [McAfee Consigned Goods] until sale by Retailer to an End User. Upon sale by Retailer to End User, title passes from McAfee to [Navarre/Navarre Canada] to Retailer. Until such time, Navarre/Navarre Canada] will not in any way acquire any right, title or

2

interest in any [McAfee Consigned Good] and will not represent itself to third parties as being the owner of any such item, claim any rights of ownership therein, nor encumber any such item. Each retailer has agreed to the same with respect to [McAfee Consigned Good] in its possession."

Consignment Riders at ¶ 2.

    4.    **The DIP Motion**. In the DIP Motion, the Debtors seek authority to grant the Prepetition Senior Agent and Prepetition Senior Lenders (collectively, the "DIP Lenders") "security interests, liens, and superpriority claims (including a superpriority administrative claim pursuant to section 364(c)(1) of the Bankruptcy Code), liens pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, and priming liens pursuant to section 364(d) of the Bankruptcy Code" (DIP Motion at ¶ 10.c) in "substantially all assets of the Debtors." *See* DIP Motion at p. 7 and ¶ 10.c. The Interim Order includes an extensive list outlining in detail what "substantially all assets of the Debtors" includes and then defines this universe collectively as the "Postpetition Collateral" *See* Interim Order at ¶ 10. However, the DIP Motion and related documents do not clearly state that the McAfee Consigned Goods and McAfee Consigned Proceeds do not constitute Postpetition Collateral. McAfee requested that language be added to the Interim Order making clear that the Postpetition Collateral does not include the McAfee Consigned Goods and McAfee Consigned Proceeds, but the DIP Lenders refused such request. Therefore, McAfee hereby objects to the DIP Motion to the extent it seeks authority for the Debtors to grant liens upon the McAfee Consigned Goods and McAfee Consigned Proceeds and requests that the Interim Order, if entered, expressly state that the Postpetition Collateral does not include the McAfee Consigned Goods and McAfee Consigned Proceeds.

3

5. Additionally, to the extent the Debtors acquire any rights to any McAfee Consigned Goods or any McAfee Consigned Proceeds post-petition date, the Prepetition Senior Collateral should not include any such McAfee Consigned Goods or any McAfee Consigned Proceeds under Section 552(a) of the Bankruptcy Code.

**BASES FOR OBJECTION**

**A. Any Attempt to Grant Liens on the McAfee Consigned Goods and McAfee Consigned Proceeds Would Constitute a Post-Petition Breach of the Distribution Agreement**

6. As discussed above, the Consignment Riders explicitly provide that Wynit not "encumber any such [McAfee Consigned Good]." Consequently, any attempt to include the McAfee Consigned Goods and McAfee Consigned Proceeds as part of the Postpetition Collateral would directly violate this provision and would constitute a post-petition breach of the Distribution Agreement by the Debtors.[3] To prevent such an outcome, the McAfee Consigned Goods and McAfee Consigned Proceeds should be expressly excluded from the Postpetition Collateral.

**B. The Debtors Cannot Grant Liens on the McAfee Consigned Goods Because they are not Property of the Debtors' Estates**

7. A debtor may only grant liens to post-petition financiers on property that is property of the debtor's estate. *See* Bankruptcy Code § 364(c)(2)-(3) (a debtor can incur debt "secured by a lien *on property of the estate* that is not otherwise subject to a lien" or "secured by a junior lien *on property of the estate* that is subject to a lien.") (emphasis added); Bankruptcy Code § 364(d) (a debtor can incur debt "secured by a senior or equal lien *on property of the estate* that is subject to a lien only if…." ) (emphasis added).

---

[3] McAfee reserves all of its rights under the Appliances Agreement, including the right to assert that the agreement already has terminated and the right to assert that other defaults have occurred under the agreement.

4

8. The McAfee Consigned Goods are not property of the Debtors' estates. As described above, the Consignment Riders specifically provide that the Debtors never acquire any interest in or to the McAfee Consigned Goods until a sale occurs by a Retailer to an End User. *See* Consignment Riders, § 2. Upon such sale by the Retailer, bare legal title ultimately passes to the Retailer. Id. Therefore, the McAfee Consigned Goods do not constitute property of the estate and cannot serve as Postpetition Collateral.

9. Additionally, to the extent the Debtors do obtain any interest in the McAfee Consigned Goods or the McAfee Consigned Proceeds post-petition date, under section 552(a) of the Bankruptcy Code the Prepetition Senior Collateral cannot include any such McAfee Consigned Goods or McAfee Consigned Proceeds and nothing in the DIP Order should grant the prepetition lenders any such rights.

C. **McAfee Does Not Consent to Being Primed**

10. Finally, in the event that the McAfee Consigned Goods and McAfee Consigned Proceeds is determined to be property of the Debtors' estate (such a determination could be made only in an adversary proceeding) and the Debtors are attempting to include it as part of the Postpetition Collateral, McAfee has a perfected security interest in at least some portion of the McAfee Consigned Goods and McAfee Consigned Proceeds.[4] Section 364(d)(1) of the Bankruptcy Code authorizes a debtor-in-possession to incur superpriority senior secured debt or "priming" liens if: (a) the debtor is unable to obtain financing from another source, and (b) the interests of the secured creditors whose liens are being primed by the DIP financing are adequately protected. *See* 11 U.S.C. § 364(d)(1)(A) and (B).

---

[4] McAfee filed a UCC financing statement covering certain of the McAfee Consigned Goods and McAfee Consigned Proceeds.

11. The Bankruptcy Code does not explicitly define "adequate protection." However, section 361 suggests that adequate protection may be provided by (i) periodic cash payments to the extent that there is a decrease in the lien holder's interest in the property; (ii) providing additional or replacement liens; or (iii) other relief resulting in the realization of the "indubitable equivalent" of the lien holder's interest in the property. *See* 11 U.S.C. § 361. Simply put, the Debtors have not provided any adequate protection to McAfee. Because McAfee is not receiving adequate protection, it does not consent to having its lien on the McAfee Consigned Goods and McAfee Consigned Proceeds primed and no such priming liens should be granted.

## RESERVATION OF RIGHTS

12. McAfee respectfully reserves all rights with regard to the DIP Motion, including the right to further object with regard to the relief requested and to present any additional evidence, whether prior to or during any hearing (whether "interim," "final," or otherwise) on the DIP Motion and notwithstanding any relief this Court may grant on an interim basis.

13. Pursuant to the applicable rules, McAfee reserves the right to call Ronald H. Wills, Director of Legal Affairs at McAfee, in support of this Objection.

WHEREFORE, for the reasons set forth herein, McAfee objects to the relief requested in the DIP Motion and requests that the Postpetition Collateral expressly excludes the McAfee Consigned Goods and McAfee Consigned Proceeds.

Dated: September 13, 2017          Respectfully submitted,

                                            LEONARD, O'BRIEN,
                                            SPENCER, GALE & SAYRE, LTD.

                                            */e/ James M. Jorissen*
                                            James M. Jorissen, #262833
                                            100 South Fifth Street, Suite 2500
                                            Minneapolis, Minnesota 55402
                                            Telephone: (612) 332-1030
                                            Facsimile: (612) 332-2740
                                            jjorissen@losgs.com


                                            SIDLEY AUSTIN LLP

                                            Matthew A. Clemente
                                            Michael T. Gustafson
                                            One South Dearborn Street
                                            Chicago, Illinois  60603
                                            Telephone:  (312) 853-7000
                                            Facsimile:  (312) 853-7036
                                            mclemente@sidley.com
                                            mgustafson@sidley.com

                                            Attorneys for McAfee, LLC

## **VERIFICATION**

I, _____Ronald H. Wills_____, Director of Legal Affairs of McAfee, LLC., the party filing the foregoing limited objection, declare under penalty of perjury that the foregoing pleading is true and correct according to the best of my knowledge, information, and belief.

Dated: September 12, 2017

_____
Ronald H. Wills