UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Jointly Administered |
| WYNIT DISTRIBUTION, LLC, *et al.*[1] | Case No. 17-42726 |
| | Chapter 11 Cases |
| Debtors. | Hon. Kathleen H. Sanberg |

**OBJECTION OF AVG TECHNOLOGIES USA, INC. TO
DEBTORS' MOTION FOR FINAL ORDERS GRANTING (I) AN EXPEDITED
HEARING, (II) AUTHORITY TO (A) OBTAIN POSTPETITION FACILITY, (B) USE
CASH COLLATERAL, AND (C) PROVIDE CERTAIN PROTECTIONS TO
PREPETITION SENIOR LENDERS, AND (III) RELATED RELIEF**

AVG Technologies USA, Inc. formerly doing business as Grisoft, Inc. ("**AVG**"),

objects (this "**Objection**") to *Debtors' Motion for Interim and Final Orders Granting (I) an*

*Expedited Hearing, (II) Authority to (A) Obtain Postpetition Facility, (B) Use Cash Collateral,*

*and (C) Provide Certain Protections to Prepetition Senior Lenders, and (III) Related Relief*

[Docket No. 6] (the "**DIP Financing Motion**").  In support of this Objection, AVG states as

follows:

**RELEVANT BACKGROUND**

1.      AVG and certain of its affiliates, are parties to that certain May 20, 2007

"Distribution Agreement Computer Software (Sell-Thru)" as amended or adopted (the

"**Consignment Agreement**")[2] with WYNIT Distribution, LLC, and certain of its other affiliated

debtor companies (collectively the "**Debtor Consignees**").

---

[1] Includes the following chapter 11 debtors:  WYNIT Distribution, LLC (Case #17-42726; WD Navarre Distribution, LLC (Case #17-42728); WD Encore Software, LLC (Case #17-42729); WD Navarre Holdings, LLC (Case #17-32864); WD Navarre Digital Services, LLC (Case #17-32865); WYNIT Holdings, Inc. (Case #17-32866); and WD Navarre Canada, ULC (Case #17-32867).

[2] The Consignment Agreement and Amendments and Riders thereto will be filed separately with the Court.

#45738245 v3

2.      Pursuant to the Consignment Agreement, the Debtor Consignees serve as non-exclusive distributors of various computer software and computer software products developed, manufactured and owned by AVG (the "**AVG Consignment Program**").

3.      Pursuant to the Consignment Agreement, the Debtor Consignees basically serve as a "middle man" and provide for the distribution of the consigned products (the "**AVG Consigned Products**") to third party retailers, who then sell the AVG Consigned Products to the ultimate end-user.

4.      Various third-party retailers, including Best Buy, CompUSA, Office Depot, Staples, Circuit City, OfficeMax, Office Depot, and Target, participate in the AVG Consignment Program.  Each of these third-party retailers has acknowledged the consignment relationship among AVG and the Debtor Consignees.

5.      Pursuant to the Consignment Agreement, and the Rider to the Consignment Agreement, AVG remains vested with all right, title, and interest in AVG Consigned Products.  The Debtor Consignees do not hold title or ownership of the AVG Consigned Products.

6.      In addition to its vested rights, title and interest in the AVG Consigned Products, AVG also holds a vested right, title and interest in the proceeds of the AVG Consigned Products.

7.      As of the petition date of September 8, 2017, AVG had placed outstanding consigned inventory with the Debtor Consignees of significant retail value approaching or in excess of $600,000 in value.

#45738245 v3

8.      On September 20, 2017, AVG sent a reclamation demand letter to the Debtor Consignees.[3]

## OBJECTION AND REQUEST FOR ADEQUATE PROTECTION

9.      The DIP Financing Motion seeks to grant the DIP Lenders (as defined in the DIP Financing Motion) various security interests, liens, superpriority claims, administrative expense claims, and priming liens in substantially all of the assets of the Debtors, including the Debtor Consignees.

10.     AVG objects to the granting of any security interests, liens, superpriority claims, administrative expense claims or priming liens on any of the AVG Consigned Products.

**(a)     The Debtor Consignees May Not Grant Liens On The AVG Consigned Products.**

11.     The Debtor Consignees hold no title or ownership interest in AVG Consigned Products. Indeed, the Rider to the Consignment Agreement makes clear that the Debtor Consignees will not "in any way acquire any right, title or interest in the [AVG Consigned Products] and will not represent itself to the third parties as being the owner of any such item, claim any rights of ownership therein, nor encumber any such item." Rider at para 2.

12.     Simply stated, the AVG Consigned Products are not property of the Debtor Consignees' bankruptcy estates, and the Debtor Consignees are not able to grant liens on property not owned by the bankruptcy estate. 11 U.S.C. § 364(c)(2)-(3) and 364(d).

**(b)     The Granting of Liens Will Constitute A Post-Petition Breach Of The Consignment Agreement.**

13.     Any post-petition attempt to grant a security interest, lien, claim, superpriority claim, administrative expense claim or priming lien on any of the AVG Consigned

---

[3] The reclamation demand letter will be filed separately with the Court.

#45738245 v3

Products to the DIP Lenders, will constitute a post-petition breach of the Consignment

Agreement and should be expressly denied by the Court.

**(c)    AVG Does Not Consent To Be Primed And Requests Adequate Protection.**

14.    To the extent the AVG Consigned Products, or the proceeds of the AVG

Consigned Products, are determined to be property of the Debtor Consignees' bankruptcy

estates, AVG objects to the entry of any order priming AVG's interests absent entry of an order

providing AVG with adequate protection pursuant to 11 U.S.C. § 364(d)(1)(A) and (B).

15.    Absent the granting of appropriate adequate protection (*i.e.* similar to the

adequate protection granted other consignors), the relief requested in the DIP Financing Motion

should be denied with respect to the AVG Consigned Products, the proceeds of the AVG

Consigned Products and the rights, title and interests of AVG in the AVG Consigned Products.

**RESERVATION OF RIGHTS**

16.    AVG respectfully reserves all rights regarding the DIP Financing Motion,

including the right to further object regarding the relief requested and to present any additional

evidence, whether prior to or during any hearing (whether "interim," "final," or otherwise) on the

DIP Financing Motion.

**WHEREFORE,** AVG respectfully requests that the Court grant all other and further

relief as is just and appropriate.

Respectfully submitted.

#45738245 v3

Dated: September 22, 2017
      Wilmington, Delaware

PEPPER HAMILTON LLP

Donald J. Detweiler (DE Bar No. 3087)
Marcy J. McLaughlin (DE Bar No. 6184)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
Telephone:      (302) 777-6500
Facsimile:      (302) 421-8390
E-mail: detweild@pepperlaw.com

*Pro Hac Vice Motions to be Filed*

#45738245 v3