UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | JOINTLY ADMINISTERED UNDER BKY 17-42726 |
| WYNIT Distribution, LLC, | BKY 17-42726 |
| WD Navarre Distribution, LLC, | BKY 17-42728 |
| WD Encore Software, LLC, | BKY 17-42729 |
| WD Navarre Holdings, LLC, | BKY 17-32864 |
| WD Navarre Digital Services, LLC, | BKY 17-32865 |
| WYNIT Holdings, Inc., | BKY 17-32866 |
| WD Navarre Canada, ULC, | BKY 17-32867 |
| Debtors. | |

**ORDER GRANTING AND APPROVING THE DEBTORS' MOTION FOR AN ORDER APPROVING BID PROCEDURES FOR THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363, AND GRANTING OTHER RELATED RELIEF**

At a hearing on November 8, 2017 (the "**Bid Procedures Hearing**"), this Court considered the *Motion for an Order Approving Bid Procedures for the Sale of Assets Free and Clear of All Liens, Interests, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 and Granting Other Related Relief* [Doc. No. 279] (the "**Motion**") filed by the above captioned debtors and debtors-in-possession (collectively, the "**Debtors**"). For reasons stated orally and recorded in open court, the Court hereby finds and determines that:

1. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *11/09/2017*
Lori Vosejpka, Clerk, by LH

1

ATL 22372253v5

CORE/3504319.0002/135640626.6

2.      As reflected in the *Certificate of Service* [Doc No. 286] filed with respect to the Bid Procedures Hearing, notice of the Motion and notice of the Bid Procedures Hearing have been served on the parties identified on the service list maintained in these cases (who do not receive electronic notice) at the addresses set forth therein (the "**Notice**").

3.      The Notice is reasonable and sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice of the Motion or the Bid Procedures Hearing is necessary. A reasonable and fair opportunity to object to the Motion and the relief granted in this Order (the "**Bid Procedures Order**") has been afforded under the circumstances.

4.      The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion. Such good and sufficient reasons were set forth in the Motion and on the record at the Bid Procedures Hearing and are incorporated by reference herein and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

5.      The Bid Procedures, as set forth below, are fair, reasonable, and appropriate and are designed to maximize the value of the Debtors' estates.

6.      The Debtor has proposed the following procedures (the "**Bid Procedures**") :

### I.      The Bidding Process

A.      Subject to the conditions set forth therein, at any time on or before **November 16, 2017**, at **12:00 p.m.** (prevailing Central Time) (the "**Bid Deadline**"), Conway MacKenzie, the sale agent for the Debtors (the "**Sale Agent**") will (i) engage in discussions and negotiations regarding a sale transaction or transactions with any entity (a "**Potential Bidder**") that has made inquiry with the Debtors or their counsel regarding the potential purchase of some or all of the inventory set forth on Exhibit A to the Motion (the "**Assets**") that the Sale Agent reasonably believes could lead to a bona fide written offer for some or all of the Assets that would meet the requirements of these Bid Procedures (the "**Proposal**"), (ii) furnish to such Potential Bidder and

its Representatives,[1] and to any other party that has made a request therefor in connection with its consideration of making an offer or proposal relating to a purchase of some or all of the Assets (each a "**Bid**"), public and non-public information relating to such Assets pursuant to a confidentiality agreement between the Debtors and such Potential Bidder (the "**Confidentiality Agreement**"), and (iii) afford to any such Potential Bidder who has signed a Confidentiality Agreement reasonable access to any data site, properties, assets, books or records of the Debtors with respect to such Assets. Each Confidentiality Agreement entered into after the date of the entry of the Bid Procedures Order shall recognize that the Debtors are obligated to comply with the terms of these Bid Procedures. Each confidentiality agreement previously entered into between the Debtors and a Potential Bidder in effect on the date of the entry of the Bid Procedures Order shall be deemed to be a Confidentiality Agreement subject to the Bid Procedures Order. By participating in the Bidding Process (as defined below), each Potential Bidder shall be deemed to have agreed to any and all modifications to any previously executed confidentiality agreement as necessary to permit the Debtors and their Representatives to comply with the terms of these Bid Procedures.

      B.      The Sale Agent shall provide these Bid Procedures to each Potential Bidder.

      C.      Any Potential Bidder wishing to conduct due diligence concerning the purchase of some or all of the Assets shall be granted access, subject to execution of a Confidentiality Agreement, to all relevant business, financial and other information of the Debtors as may be reasonably necessary (to be determined at the Sale Agent's discretion) to enable such Potential Bidder to evaluate the Assets. The Debtors shall make such access available during normal business hours as soon as reasonably practicable. Potential Bidders interested in conducting due diligence should contact Michael Cavanaugh or Greg Charleston of the Sale Agent at mcavanaugh@conwaymackenzie.com or gcharleston@conwaymackenzie.com or by phone at (216) 278-0740. Notwithstanding the foregoing, the Sale Agent is not required to provide confidential or proprietary information to any person if the Sale Agent determines, after consultation with Wells Fargo Bank, National Association, as administrative agent for itself and other participating senior secured lenders in the postpetition debtor-in-possession facility (the "**Postpetition Agent**"), and the Official Committee of Unsecured Creditors (the "**Committee,** " collectively, with the Postpetition Agent, the "**Consultation Parties**") that such disclosure could be detrimental to the interests of the Debtors' estates.

      D.      Prior to the selection of a Bid as the highest or best offer for any individual Asset, portion of the Assets, or all of the Assets (the "**Successful Bid(s)** "), the Sale Agent may: (a) receive Bids from Potential Bidders, (b) request information from Potential Bidders and engage in discussions with Potential Bidders and take such other actions to determine whether any Bid constitutes or could lead to a superior Proposal, (c) evaluate any Bid made by a Potential Bidder, (d) engage in discussions and negotiations with any Potential Bidder with respect to any Bid submitted by a Potential Bidder, and (e) take any other actions contemplated under these Bid Procedures (collectively, the "**Bidding Process**").

---

[1] "Representatives" means, with respect to any person or entity, the officers, directors, employees, members, managers, partners, investment bankers, attorneys, accountants, consultants or other advisors, agents or representatives of such person, when acting in such capacity on behalf of such person or entity.

## II.     Deliveries by Potential Bidders

A. In order to participate in the Bidding Process, each Potential Bidder must deliver the following to the Sale Agent prior to the Bid Deadline (unless previously delivered in a form acceptable to the Debtors or waived by the Sale Agent after consultation with the Consultation Parties):

(a) An executed Confidentiality Agreement acceptable to the Sale Agent; and

(b) Financial statements of, or other information relating to, the Potential Bidder or, if the Potential Bidder is an entity formed for the purpose of the sale transaction, financial statements of or other information relating to the equity holder(s) of the Potential Bidder, or such other form of financial disclosure or evidence of financial capability and performance and legal authority acceptable to the Sale Agent (and, if requested by the Sale Agent, certified to by a duly authorized representative of the Potential Bidder (or equity holders thereof, as applicable)), demonstrating such Potential Bidder's financial capability and legal authority to close the proposed sale transaction in a timely manner.

B. A Potential Bidder that delivers the documents described in subparagraphs (a) and (b) above, and that the Sale Agent determines, in its business judgment, after consultation with the Consultation Parties, is financially capable of consummating the sale transaction in a timely manner shall be permitted to further participate in the Bidding Process. The Sale Agent may require an update of such information and an affirmation of any Potential Bidder's financial capability to bid and consummate any sale transaction contemplated hereunder.

## III.     Due Diligence for Potential Bidders

A. To obtain due diligence access or additional information from the Debtors, a Potential Bidder must first advise the Sale Agent of the nature and extent of additional due diligence such Potential Bidder may wish to conduct. The Sale Agent shall coordinate all requests for additional information and due diligence access by such Potential Bidders with the Debtors. No conditions relating to the completion of due diligence will be permitted to exist after the Bid Deadline, except as otherwise agreed to by the Sale Agent in writing after consultation with the Consultation Parties.

## IV.     Submission by Bid Deadline

A. A Potential Bidder who desires to make a Bid must deliver a written copy of its Bid on or before the Bid Deadline to the Sale Agent. The Sale Agent may, after consultation with the Consultation Parties, extend the Bid Deadline, but shall promptly notify all Potential Bidders of any such extension.

## V.     Determination of "Qualified Bid" Status

A. A Bid received from a Potential Bidder by the Bid Deadline will constitute a "**Qualified Bid**" only if it includes all of the following documents (the compliance of which

shall be determined by the Sale Agent after consultation with the Consultation Parties) (collectively, the "**Required Bid Documents**") and a Good Faith Deposit (as defined below):

(a) Documentation in a form acceptable to the Sale Agent, after consultation with the Consultation Parties, which documentation:

  i. specifically delineates which Assets a Potential Bidder proposes to purchase;

  ii. does not contain any financing or due diligence contingencies to closing on the proposed sale transaction;

  iii. does not contain any condition to closing of the sale transaction based on the receipt of any third party approvals (excluding required Bankruptcy Court approval and any required governmental and/or regulatory approvals, if any); and

  iv. provides that the offer of the Potential Bidder is irrevocable through thirty (30) days after the conclusion of the hearing to approve the sale, subject to the backup bidder provisions herein.

(b) A good faith deposit (the "**Good Faith Deposit**") in the form of a wire transfer to the Debtors or a certified or bank check payable to the order of the Debtors (or other form acceptable to the Debtors with approval by the Postpetition Agent) in the amount of at least 10% of the purchase price for the Assets proposed to be purchased.

B. Each Potential Bidder that makes a Qualified Bid shall be referred to as a "**Qualified Bidder**." Each of the Postpetition Agent and the Prepetition Agent are a Qualified Bidder.

### VI. Bid Requirements

A. All Bids must also satisfy all of the following requirements, all as determined solely by the Sale Agent after consultation with the Consultation Parties:

(a) The Bid must set forth the purchase price for the Assets to be purchased.

(b) The Bid must be in cash unless otherwise consented to by the Sale Agent, after consultation with the Consultation Parties.

(c) The Bid must be accompanied by satisfactory evidence of committed financing or other financial ability to consummate the sale transaction in a timely manner.

(d)     The Bid cannot be conditioned upon the Bankruptcy Court's approval of any bid protections, such as a break-up fee, termination fee, expense reimbursement, work fee or similar type of payment.

(e)     The Bid must expressly acknowledge and represent that the Potential Bidder: (i) has had an opportunity to conduct any and all due diligence regarding the assets and businesses of the Debtors and the sale transaction prior to making its Bid, (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and the assets and businesses of the Debtors in making its Bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the business or assets of the Debtors or the sale transaction, or the completeness of any information provided in connection therewith, and (iv) has authority to make the Bid, execute any necessary documents to close on the sale transaction, and proceed to closing on the sale transaction.

(f)     The Bid must be received by the Bid Deadline.

## VII.    Auction

A.     Prior to the Auction (as defined below), the Sale Agent (in consultation with the Consultation Parties) shall evaluate the Qualified Bids and select one or more Qualified Bid(s) that the Sale Agent determines in its business judgment to be the highest or best Qualified Bid(s) for some or all of the Assets (the "**Initial Highest Bid**"). In making this determination, the Sale Agent may consider, among other things, the amount of cash to be paid or delivered, and the other terms and conditions of the Qualified Bid(s). The Sale Agent shall provide copies of all Bids to the Consultation Parties promptly after the Bid Deadline, but in no event later than 2:00 P.M. prevailing Central time on **November 17, 2017**. There may be more than one Initial Highest Bid for purposes of the Auction given that Bids may be submitted for some or all of the Assets.

B.     If more than one Qualified Bid has been submitted for the Assets or any portion of the Assets in accordance with these Bid Procedures, the Sale Agent will conduct an auction (the "**Auction**") with respect to such Qualified Bids in order to determine, in the business judgment of the Sale Agent, after consultation with the Consultation Parties, the Successful Bid(s).

C.     The Auction, if required, will commence at 11:00 a.m. (prevailing Central Time) on **November 20, 2017** at the offices of Stinson Leonard Street LLP, 50 South Sixth Street, Suite 2600, Minneapolis, Minnesota 55402, or at such later time or other place as agreed by the Sale Agent after consultation with the Consultation Parties, or approved by Order of the Bankruptcy Court, and of which the Sale Agent will notify all Qualified Bidders who have submitted Qualified Bids (collectively, the "**Auction Participants**"). Any creditor may attend the Auction.

D. The Sale Agent shall give each of the Auction Participants notice of the Initial Highest Bid(s) and a copy of such Bid(s) prior to the scheduled start of the Auction.

E. Only the Debtors, the Sale Agent, the Auction Participants, potential financing sources of the Auction Participants, the Postpetition Agent, the Prepetition Agent, the Committee (including its members) and their respective Representatives will be entitled to attend, participate and be heard at the Auction.

F. At the commencement of the Auction, the Sale Agent shall formally announce the Initial Highest Bid(s) and the Assets to which they relate. All Qualified Bids at the Auction will be based on and increased therefrom, and thereafter made in minimum increments higher than the previous Qualified Bid in an amount to be established by the Sale Agent after consultation with the Consultation Parties.[2]

G. The Sale Agent after consultation with the Consultation Parties shall have the right to adopt such other rules for the Auction which the Sale Agent believes in its business judgment will promote the goals of the Auction, including, without limitation, that the Sale Agent can continue to take and negotiate bids in lot or in bulk until the Successful Bid(s) have been selected.

H. Each Auction Participant shall be deemed to have agreed to keep its final Qualified Bid made at or prior to the Auction open through thirty (30) days after the conclusion of the hearing to approve the sale, subject to the backup bidder provisions herein. Bidding at the Auction will continue until such time as the highest or otherwise best Qualified Bid(s) are determined in the business judgment of the Sale Agent after consultation with the Consultation Parties. To facilitate a deliberate and orderly consideration of competing Qualified Bids submitted at the Auction, the Sale Agent after consultation with the Consultation Parties may adjourn the Auction at any time and from time-to-time and may conduct multiple rounds of bidding. The Sale Agent may offer the Assets for sale in the aggregate or in lots. Prior to conclusion of the Auction, the Sale Agent after consultation with the Consultation Parties may permit one or more Auction Participants who have submitted bids for less than all Assets of the Debtors to join together as a single Qualified Bidder for the purpose of submitting a joint Qualified Bid to acquire some or all of the Assets, provided that such Auction Participants so join without improper collusion under the Bankruptcy Code or other applicable law. Upon conclusion of the Auction, the Sale Agent, in consultation with the Consultation Parties, will (a) review each Qualified Bid on the basis of financial and contractual terms and other factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the sale and (b) after consultation with the Consultation Parties, identify the Successful Bid(s). In making this determination, the Sale Agent, after consultation with the Consultation Parties, may consider, among other things, the amount of cash to be paid or delivered and the other terms or conditions of the Qualified Bid(s), and the determination by the Sale Agent, after consultation with the Consultation Parties, shall be final for the purposes of these Bid Procedures.

---

[2] Minimum bid increments must consist solely of cash consideration unless otherwise authorized by the Sale Agent after consultation with the Consultation Parties.

### VIII.     Sale Hearing

A.     An evidentiary hearing to consider the related sale motion [Doc No. __] ("**Sale Motion**") and approval of the Successful Bid(s) (the "**Sale Hearing**"), will be held on **November 28, 2017 at 9:00 a.m. prevailing Central time** (the "**Sale Hearing**"), in the courtroom of the Honorable Kathleen H. Sanberg, United States Bankruptcy Judge, at the United States Bankruptcy Court, District of Minnesota, 300 South Fourth Street, Courtroom 8 West, Minneapolis, Minnesota 55415. The Sale Hearing may be adjourned or rescheduled as ordered by the Bankruptcy Court without further notice to creditors and parties in interest other than by announcement by the Debtors of the adjourned date at the Sale Hearing.

B.     The Debtors' presentation to the Bankruptcy Court for approval of the Successful Bid(s) does not constitute the Debtors' acceptance of the Bid(s). The Debtors will be deemed to have accepted a Bid only when the Bid has been approved by order of the Bankruptcy Court.

### IX.     Objections

A.     Subject to paragraph (viii) herein, objections , if any, to the Sale Motion shall be filed on the docket of the Bankruptcy Court and served such that each objection is actually received by the following parties **on or before November 22, 2017 (the** "**Objection Deadline**"): (a) counsel for the Debtors at Stinson Leonard Street LLP, Attn: Robert Kugler, 50 South Sixth Street, Suite 2600, Minneapolis, Minnesota 55402 robert.kugler@stinson.com, (b) counsel to Wells Fargo Bank, N.A. at Greenberg Traurig, LLP, Attn: David Kurzweil, 3333 Piedmont Road NE, Ste. 2500, Atlanta, Georgia 30305 kurzweild@gtlaw.com, (c) the United States Trustee's Office, attn. Michael R. Fadlovich, 300 South Fourth Street, Suite 1015, Minneapolis, MN 55402 Michael.Fadlovich@usdoj.gov. and (d) counsel to the Official Committee of Unsecured Creditors, Lowenstein Sandler, Attn. Jeff Cohen and Eric Chafetz,  1251 Avenue of the Americas, New York, NY 10020  JCohen@lowenstein.com; echafetz@lowstein.com.

B.     If any Auction Participant whose Qualified Bid is a Successful Bid (a "**Successful Bidder**") fails to consummate the transaction because of a breach or failure to perform on the part of such Successful Bidder, or for any reason other than the failure of the Bankruptcy Court to approve the terms of the sale transaction, the Auction Participant that had submitted the next highest or otherwise best Qualified Bid for the same Assets at the Auction or prior to the Auction (the "**Back-Up Bidder**") will be deemed to be the Successful Bidder, and the Debtors will be authorized to consummate the sale transaction with such Auction Participant without further order of the Bankruptcy Court, and such Qualified Bid shall thereupon be deemed the Successful Bid; provided that upon being notified that its Qualified Bid has become the Successful Bid, the Auction Participant submitting such Qualified Bid shall within three (3) business days after such notification provide a Good Faith Deposit (unless such Auction Participant previously shall have provided a Good Faith Deposit that shall not have been returned as described below). Upon providing such Good Faith Deposit, such Auction Participant shall be deemed the Successful Bidder. If any Auction Participant fails to consummate the sale transaction because of a breach or failure to perform on the part of such Auction Participant (including, without limitation, the failure to timely deposit the Good Faith Deposit), the process described above may continue with

other Auction Participants in decreasing order of the Qualified Bids as determined by the Sale Agent after consultation with the Consultation Parties until an Auction Participant shall consummate the sale transaction.

### X.      Disposition of Good Faith Deposit

A.      The Good Faith Deposit of the Successful Bidder(s), or a Back-Up Bidder that consummates a transaction in place of a Successful Bidder as provided for herein, shall be retained by the Debtors and applied toward the payment of the Successful Bid(s) at the closing of the sale transaction. If any Successful or Back-Up Bidder does not close a sale transaction, its Good Faith Deposit shall be returned by the Debtors, unless such failure to close was due to a breach by the Successful or Back-Up Bidder.  The Good Faith Deposit of all Qualified Bidders (other than the Successful Bidder(s), a Back-Up Bidder that consummates a sale transaction in place of a Successful Bidder as provided for herein, or a Successful Bidder or a Back-Up Bidder that forfeits its deposit as liquidated damages as provided for herein) will be returned, without interest, to each such Qualified Bidder within ten business days after the closing of all proposed sale transactions approved by the Bankruptcy Court at the Sale Hearing.

### XI.      Modifications

A.      The Sale Agent, after consultation with the Consultation Parties, may (a) determine which Qualified Bid(s), if any, is the highest or otherwise best offer(s); and (b) reject at any time before entry of an Order of the Bankruptcy Court approving the Successful Bid(s), any bid that, in the discretion of the Sale Agent, after consultation with the Consultation Parties is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (iii) contrary to the best interests of the Debtors' estates and their creditors. At or before the conclusion of the Auction, the Sale Agent, after consultation with the Consultation Parties, may impose such other terms and conditions upon Qualified Bidders as the Sale Agent determines to be in the best interests of the Debtors' estates in these cases.

[End of Bid Procedures]

7. The service of the notice of the Bid Procedures, the Sale Hearing, the Objection Deadline, and the respective dates, times and places for an Auction, as required under the Bid Procedures, is adequate and reasonably calculated to provide due, proper, and timely notice to all interested parties of, among other things, the entry of this Bid Procedures Order, the Bid Procedures, the Auction (if required under the Bid Procedures), the Sale Hearing, the Motion, including the sale of the Debtors' estates' right, title and interest in, to and under the Debtors' Assets free and clear of any and all liens, claims, encumbrances, and interests, and the procedure for objecting thereto. Except as otherwise set forth herein, no other or further notice is necessary.

8. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

**THEREFORE, IT IS ORDERED:**

The Motion is **GRANTED** as set forth herein.

i. All objections to the Bid Procedures portion of this Motion that have not been withdrawn, waived or settled as announced in Court at the Bid Procedures Hearing are denied and overruled on their entirely on the merits.

ii. The Debtors may proceed with a sale and auction process in accordance with the Bid Procedures, which Bid Procedures are hereby approved.

iii. The approval of the sale of the Debtors' Assets remains subject to the entry of a further order approving such sale.

CORE/3504319.0002/135640626.6

iv. Potential bidders must comply with all terms of the Bid Procedures in order to participate in the bidding process. All bids must satisfy all of the requirements contained in the Bid Procedures.

v. Except as otherwise provided herein, the Debtors and Sale Agent are authorized and directed to take any and all actions necessary or appropriate to implement the Bid Procedures. The process for submitting Qualified Bids is fair, reasonable, and appropriate and is designed to maximize recoveries for the benefit of the Debtors' estates, their creditors and other parties in interest.

vi. As further described below, the key dates for this Bid Procedures Order and the Bid Procedures are as follows, with each of such dates being subject to extension by the Debtors with the consent of the Consultation Parties:

| **Event** | **Date and Time (if applicable)** |
|---|---|
| Notice | Within 1 day of entry of this Bid Procedures Order |
| Bid Deadline | **November 16, 2017 at 12:00 p.m. prevailing Central Time** |
| Auction | **November 20, 2017 at 11:00 a.m. prevailing Central Time** |
| Sale Hearing Objection Deadline | **November 22, 2017** |
| Sale Hearing | **November 28, 2017 at 9:00 a.m. prevailing Central Time** |
| Closing | **By no later than November 30, 2017** |

vii. Any person desiring to submit a bid for the Debtors' assets must comply with the Bid Procedures and shall not be permitted to participate at the Auction unless such person is an Auction Participant or is otherwise permitted to participate at the Auction under the Bid Procedures. Any creditor may attend the Auction.

viii. If more than one bid has been submitted for some or all the Debtors' Assets in accordance with the Bid Procedures, the Sale Agent will conduct an auction as to such Assets (the "**Auction**") on November 20, 2017, at 11:00 a.m., prevailing Central time, at the offices of Stinson Leonard Street LLP, 50 South Sixth Street, Suite 2600, Minneapolis, Minnesota 55402. The Sale Agent will notify all Qualified Bidders who have submitted Qualified Bids of such Auction.

ix. Notwithstanding the foregoing, the Debtors, after consultation with the Consultation Parties, may cancel the Auction or remove certain of the Assets from the Auction.

x. For cause shown, notwithstanding Bankruptcy Rules 6004, or otherwise, this Bid Procedures Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stay described in Bankruptcy Rules 6004(h) is waived.

xi. This Bid Procedures Order shall become effective immediately.

xii. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bid Procedures Order.

Dated: November 9, 2017

/e/ Kathleen H. Sanberg
Kathleen H. Sanberg
Chief United States Bankruptcy Judge