UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | JOINTLY ADMINISTERED UNDER<br>BKY 17-42726<br>Chapter 7 |
| WYNIT Distribution, LLC, | BKY 17-42726 |
| WD Navarre Distribution, LLC, | BKY 17-42728 |
| WD Encore Software, LLC, | BKY 17-42729 |
| WD Navarre Holdings, LLC, | BKY 17-32864 |
| WD Navarre Digital Services, LLC, | BKY 17-32865 |
| WYNIT Holdings, Inc., | BKY 17-32866 |
| WD Navarre Canada, ULC, | BKY 17-32867 |
| Debtors. | |

| | |
|---|---|
| Nauni Manty, as chapter 7 Trustee of the Bankruptcy Estates of the above-named Debtors, | Adv. No. 18-_____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Future Motion, Inc., | |
| Defendant. | |

The plaintiff, Nauni Manty, as the chapter 7 trustee for the bankruptcy estates of the debtors, states and alleges as follows:

1. This complaint seeks avoidance and recovery under 11 U.S.C. §§ 547, 550, and 551 against the defendant Future Motion, Inc. in the approximate amount of $54,401.16.

## JURISDICTION, VENUE AND PARTIES

2. The debtors filed petitions commencing these cases as chapter 11 bankruptcy cases on September 8, 2018. This adversary proceeding involves transfers made from the debtor, WD Navarre Distribution, LLC, to the defendant.

3. On January 17, 2018, the bankruptcy court converted these cases to chapter 7 bankruptcies and appointed the plaintiff as chapter 7 trustee.

4. This complaint is filed under Fed. R. Bankr. P. 7001(1) and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) as an action arising in or related to a case under Title 11. All matters under 28 U.S.C. §§ 1334 and 157(a) have been referred to this court by operation of Local Rule 1070-1, adopted pursuant to the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges by the District Court on July 27, 1984. The causes of action stated herein qualify as enumerated core claims under 28 U.S.C. §§ 157(2)(A), (F), and (O).

5. Venue of this adversary proceeding is proper pursuant to 28 U.S.C. § 1409.

6. As the appointed chapter 7 trustee, the plaintiff has standing to commence this adversary proceeding pursuant to 11 U.S.C. §§ 547, 550 and 551.

7. Upon information and belief, the defendant is a corporation organized under the laws of Delaware with a principal place of business at 1201 Shaffer Road, Santa Cruz, California 95060. The defendant has filed a claim in this case.

8. The debtor's records reflect that the following payment and returns were made from the debtor to the defendant:

| Date Cleared | Payment Amount |
|---|---|
| July 20, 2017 | $45,074.10 |

| Return Date | Goods Returned |
|---|---|
| June 23, 201 | $2,072.68 |
| July 17, 2017 | $3,109.02 |
| August 21, 2017 | $4,145.36 |
| Subtotal | $9,327.06 |
| **Total** | **$54,401.16** |

9.  To the extent that there were additional transfers made to the defendant, the trustee reserves the right to supplement her request for recovery.

10.  On and before the dates it received the payment and returns from the debtor, the defendant was a creditor of the debtor, and held a claim and a debt against the debtor arising from goods and services provided to the debtor and returns to the defendant by the debtor were made to pay the claim and debt owed to the defendant.

11.  According to the debtor's records, the claims register and the petition, the debtor was not paying all of its bills as they came due before, during and after the timeframe of the transfer. This includes, but is not limited to, 60 claims that have been filed in the bankruptcy of the debtor, which claims total $157,484,085.97.

12.  Upon information and belief, based on the value of the debtor's assets and liabilities in the petition and schedules, the debtor's liabilities exceeded the value of its assets when the transfer(s) was/were made.

13.  The debtor's amended schedules list assets totaling $121,043,790.04 and liabilities of $177,648,045.51.

14.  Unsecured creditors of the debtor are not expected to recover 100% of their claims in a chapter 7 bankruptcy of the debtor. The payment and returns to the defendant resulted in a dollar-for-dollar reduction of the debt that the debtor owed to the defendant, which is a better result

3

than defendant would have realized as part of a chapter 7 distribution had the payment and returns not been made.

**Count I: Avoidance of Payments and Returns as Avoidable Preferences Under § 547(b)**

15. All paragraphs above are incorporated herein by reference.

16. Section 547(b) of the bankruptcy code permits avoidance of a transfer of: (1) the debtor's interest in property; (2) to or for the benefit of a creditor; (3) for or on account of an antecedent debt owed to the debtor before the transfer was made; (4) made while the debtor is insolvent; (5) made within 90 days before the bankruptcy filing or up to one year before the bankruptcy filing if the creditor is an insider; (6) that enabled the creditor to receive more than it would have had the transfer not been made and if the creditor received an ordinary distribution as a creditor in the debtor's chapter 7 bankruptcy.

17. The payment and returns were transfers of the debtor's interest in property.

18. Before and at the time of the payment and returns, the defendant was a creditor of the debtor.

19. The payment and returns were made on account of antecedent debt owed by the debtor to the defendant.

20. The payment and returns occurred within 90 days before the debtor's bankruptcy filing.

21. The debtor was insolvent at the time of the payments and returns.

22. The payment and returns enabled the defendant to receive more than it would have received if the payments and returns had not been made and if the defendant received payment of such debt and returns of such goods in a chapter 7 bankruptcy case.

23. Therefore, the payment and the value of the returns are avoidable as preferential transfers under 11 U.S.C. § 547 and should be avoided.

**Count II: Preservation and Recovery of Transfers, or Money Judgment Against the Defendant under §§ 550 and 551**

24. All paragraphs above are incorporated herein by reference.

25. Section 550(a) of the bankruptcy code states, "to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of the property, from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee."

26. Section 551 of the bankruptcy code provides that "any transfer avoided under section…547…of this title…is preserved for the benefit of the estate."

27. The defendant received transfers which should be avoided.

28. Under 11 U.S.C. § 550, the defendant is liable as an initial transferee to the trustee in the amount of $54,401.16.

**WHEREFORE**, the plaintiff, Nauni Manty, prays for judgment against Future Motion, Inc. as follows:

(a) For the avoidance and recovery of the money transfers and product returns in the minimum amount of the $54,401.16 received by Future Motion, Inc.;

(b) For the Trustee's costs and disbursements herein;

(c) For pre- and post-judgment interest as allowed by law; and

(d) For such other and further relief as the court deems just and equitable.

Dated: December 4, 2018  MANTY & ASSOCIATES, P.A.

*/e/ Christopher A. Camardello*

Christopher A. Camardello (#284798)
Nauni Manty (#230352)
401 Second Avenue North, Suite 400
Minneapolis, MN 55401
Telephone: (612) 465-0990

*Attorneys for the chapter 7 trustee*

## **VERIFICATION**

I, Nauni Manty, trustee and plaintiff named in the complaint, declare under penalty of perjury that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

Dated: December 4, 2018

_____

Nauni Manty, Trustee