UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **JOINTLY ADMINISTERED UNDER BKY 17-42726** |
| WYNIT Distribution, LLC, | BKY 17-42726 |
| WD Navarre Distribution, LLC, | BKY 17-42728 |
| WD Encore Software, LLC | BKY 17-42729 |
| WD Navarre Holdings, LLC, | BKY 17-32864 |
| WD Navarre Digital Services, LLC, | BKY 17-32865 |
| WYNIT Holdings, Inc., | BKY 17-32866 |
| WD Navarre Canada, ULC, | BKY 17-32867 |
| Debtors. | |
| Continental Casualty Company, | ADV 18-04065 |
| Plaintiff, | |
| v. | **JUDGMENT** |
| WYNIT Distribution, LLC, et al. and Nauni Jo Manty, not individually but solely in her capacity as Chapter 7 Trustees, | |
| Defendant. | |

This proceeding came before the court, and a decision or order for judgment was duly rendered, the Honorable Kathleen H. Sanberg, Chief United States Bankruptcy Judge, presiding.

It is therefore Ordered and Adjudged:

1. The declaratory judgment sought by Continental in the complaint is GRANTED as set forth herein.

2. By the express terms of the Binder, Continental never accepted the Debtors' insurance policy application and never issued to the Debtors the management liability insurance

policy described in the Binder and therefore no such management liability insurance policy took effect.

3. The Binder issued by Continental to the Debtors expired, by its own terms, without the management liability insurance policy described therein taking effect.

4. For the avoidance of all doubt, to the extent that the management liability insurance policy described in the Binder became effective, such policy is hereby deemed rescinded pursuant to the terms of the Binder, deemed null and void, and as having no force or effect and no liability may be incurred or claims submitted pursuant to them.

5. Continental's right to or interest in the refund on account of the Binder, which has already been paid in full by Continental to the Debtors and accepted by the Debtors, is hereby terminated and such funds shall be available for distribution to the Debtors' creditors. For the avoidance of doubt, there are no other amounts, whether refunds or other charges, owing from Continental to the Debtors in connection with the Binder or the anticipated management liability policy described therein.

6. This order shall be binding on the Trustee, the Debtors and their estates, including any subsequent chapter 7 or chapter 11 trustee, or any other type of trustee thereafter appointed in the Debtors' bankruptcy cases.

7. This order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules to the contrary.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

9. The answer is stricken.

Dated: March 20, 2019
At: Minneapolis, Minnesota

Lori A. Vosejpka
Clerk of Bankruptcy Court

By: /e/ Lynn M. Hennen
_____
Lynn M. Hennen
Deputy Clerk