## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | JOINTLY ADMINISTERED UNDER |
| | BKY 17-42726 |
| | Chapter 7 |
| WYNIT Distribution, LLC, | BKY 17-42726 |
| WD Navarre Distribution, LLC, | BKY 17-42728 |
| WD Encore Software, LLC, | BKY 17-42729 |
| WD Navarre Holdings, LLC, | BKY 17-32864 |
| WD Navarre Digital Services, LLC, | BKY 17-32865 |
| WYNIT Holdings, Inc., | BKY 17-32866 |
| WD Navarre Canada, ULC, | BKY 17-32867 |
| Debtors. | |

| | |
|---|---|
| Nauni Manty, as chapter 7 trustee of the bankruptcy estates of the above-named Debtors, | Adv. No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| GLOBAL MARKETING PARTNERS, INC., | |
| Defendant. | |

Nauni Manty, as the chapter 7 trustee of the bankruptcy estate of the debtors, states and alleges as follows:

1.      This complaint seeks avoidance and recovery under 11 U.S.C. §§ 547, 550 and 551 against the defendant in the approximate amount of $97,867.96.

### JURISDICTION, VENUE AND PARTIES

2.      The petitions commencing the above cases under chapter 11 were filed on September 8, 2017. The cases were converted to cases under chapter 7 on January 17, 2018. Ms.

Manty was appointed as the chapter 7 trustee on January 19, 2018. This adversary proceeding involves transfers made from WD Navarre Distribution, LLC to the defendant.

3.      This complaint is filed under Fed. R. Bankr. P. 7001(1) and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) as an action arising in or related to a case under title 11. All matters under 28 U.S.C. §§ 1334 and 157(a) have been referred to this court by operation of Local Rule 1070-1, adopted pursuant to the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges by the District Court on July 27, 1984. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), and (O).

4.      This adversary proceeding arises under 11 U.S.C. §§ 547, 550 and 551. The trustee has standing to commence this adversary proceeding pursuant to 11 U.S.C. §§ 547, 550 and 551.

5.      Venue of this adversary proceeding is proper pursuant to 28 U.S.C. § 1409.

6.      Upon information and belief, the defendant is a corporation organized under the laws of California with a principal place of business at 28038 Dorothy Drive, Agoura Hills, California 91301.

**FACTS**

7.      The debtor's records reflect that the following payments were made from the debtor's general operating account at Wells Fargo Bank, N.A. to the defendant:

| Date Cleared | Amount |
|---|---|
| June 19, 2017 | $9,734.87 |
| June 19, 2019 | $10,435.01 |
| June 26, 2017 | $1,010.70 |
| June 26, 2017 | $56,009.52 |
| July 10, 2017 | $20,677.86 |
| Total: | $97,867.96 |

To the extent that there were additional transfers made to the defendant, the trustee reserves the right to supplement her request for recovery.

8.      On and prior to the dates it received payments from the debtor, the defendant was a creditor of the debtor, and held a claim and a debt against the debtor arising from goods and services provided to the debtor. Payments to the defendant by the debtor were made to pay the claim and debt owed to the defendant.

9.      According to the debtor's records, the claims register and the petition, the debtor was not paying all of its bills as they came due before, during and after the timeframe of the transfer. This includes, but is not limited to, 59 creditors that have filed claims in the bankruptcy of the debtor, which claims total $157,483,435.97.

10.      Upon information and belief, based on the value of the debtor's assets and liabilities in the petition and schedules, the debtor's liabilities exceeded the value of its assets when the transfers were made.

11.      The debtor scheduled $121,043,790.04 of assets and $139,982,648.59 of liabilities.

12.      Unsecured creditors of the debtor are not expected to recover 100% of their claims in a chapter 7 bankruptcy of the debtor. The payments to the defendant resulted in a dollar-for-dollar reduction of the debt the debtor owed to the defendant, which is a better result than defendant would have realized as part of a chapter 7 distribution had the payments not been made.

**Count I: Avoidance of Payments as Avoidable Preferences Under § 547(b)**

13.      All paragraphs above are incorporated herein by reference.

14.      Section 547(b) of the bankruptcy code permits avoidance of a transfer of: (1) the debtor's interest in property; (2) to or for the benefit of a creditor; (3) for or on account of an antecedent debt owed to the debtor before the transfer was made; (4) made while the debtor is

3

insolvent; (5) made within 90 days prior to the bankruptcy filing or up to one-year prior to the bankruptcy filing if the creditor is an insider; (6) that enabled the creditor to receive more than it would have had the transfer not been made and if the creditor received an ordinary distribution as a creditor in the debtor's chapter 7 bankruptcy.

15.     The payments were transfers of the debtor's interest in property.

16.     Prior to and at the time of the payments, the defendant was a creditor of the debtor.

17.     The payments were made on account of antecedent debt owed by the debtor to the defendant.

18.     The payments occurred within 90 days prior to the debtor's bankruptcy filing.

19.     The debtor was insolvent at the time of the payments.

20.     The payments enabled the defendant to receive more than it would have received if the payments had not been made and if the defendant received payment of such debt in a chapter 7 bankruptcy case.

21.     Therefore, the payments are avoidable as preferential transfers under 11 U.S.C. § 547 and should be avoided.

**Count II: Preservation and Recovery of Transfers, or Money Judgment Against the Defendant Under §§ 550 and 551**

22.     All paragraphs above are incorporated herein by reference.

23.     Section 550(a) of the bankruptcy code states, "to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of the property, from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee."

24.     Section 551 of the bankruptcy code provides that "any transfer avoided under section…547…of this title…is preserved for the benefit of the estate."

25.     The defendant received transfers which should be avoided.

26.     Under 11 U.S.C. § 550, the defendant is liable as an initial transferee to the trustee in the amount of $97,867.96.

**WHEREFORE**, the trustee prays for judgment against the defendant as follows:

(a)     For the avoidance and recovery of the money transfers in the minimum amount of $97,867.96 received by the defendant;

(b)     For the trustee's costs and disbursements herein;

(c)     For pre- and post-judgment interest as allowed by law; and

(d)     For such other and further relief as the court deems just and equitable.

Dated: May 1, 2019                          MANTY & ASSOCIATES, P.A.

                                            */e/ Jacqueline J. Williams*
                                            Nauni Jo Manty (#230352)
                                            Jacqueline J. Williams (#386611)
                                            401 Second Avenue North, Suite 400
                                            Minneapolis, MN 55401
                                            Telephone: (612) 465-0990
                                            Email: jwilliams@mantylaw.com

                                            *Attorneys for the Trustee*

## <u>VERIFICATION</u>

I, Nauni Manty, trustee and plaintiff named in the complaint, declare under penalty of perjury that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

Dated: May 1, 2019

_____
Nauni Manty, Trustee