# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | JOINTLY ADMINISTERED UNDER |
| | BKY 17-42726 |
| | Chapter 7 |
| WYNIT Distribution, LLC, | |
| WD Navarre Distribution, LLC, | BKY 17-42726 |
| WD Encore Software, LLC, | BKY 17-42728 |
| WD Navarre Holdings, LLC, | BKY 17-42729 |
| WD Navarre Digital Services, LLC, | BKY 17-32864 |
| WYNIT Holdings, Inc., | BKY 17-32865 |
| WD Navarre Canada, ULC, | BKY 17-32866 |
| | BKY 17-32867 |
| Debtors. | |

| | |
|---|---|
| Nauni Manty, as Chapter 7 Trustee for the Bankruptcy Estate of the above Debtors, | Adversary Case No._____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| IT Supplies Incorporated a/ka/ Atlex.com, | |
| Defendant. | |

Nauni Manty, as chapter 7 trustee for the debtors' estates, for her complaint against Acton, Inc. avers as follows:

1. The defendant is an Illinois corporation with a principal place of business at 5100 Newport Drive, Suite 6, Rolling Meadows, Illinois 60008-3825.

1

2. The petitions commencing the debtors' chapter 11 cases were filed on September 8, 2017. The cases were converted to chapter 7 on January 17, 2018, and the plaintiff was appointed as trustee on January 19, 2018.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b) (2) (A), (B), (E), and (O).

5. This adversary proceeding arises under 11 U.S.C. §§ 323, 542, and other applicable law.

6. The Plaintiff consents to the bankruptcy court's entry of final orders and judgment in this adversary proceeding.

**Factual Allegations**

7. Wynit Distribution, LLC sold a printer to the defendant pursuant to the defendant's purchase order (PO0000377875) dated August 17, 2017. A true and correct copy of the purchase order is attached hereto as Exhibit A.

8. Wynit shipped the printer to the defendant on or around August 21, 2017. A true and correct copy of FedEx's delivery statement is attached hereto as Exhibit B.

9. Wynit subsequently issued an invoice (Invoice No. 913155900) for the printer dated October 5, 2017, in the amount of $12,454.17 (the "Amount Due"). A true and correct copy of the invoice is attached hereto as Exhibit C.

10. By demand letter dated February 19, 2018, the plaintiff demanded that the defendant pay the Amount Due within 21 days thereafter, but the defendant failed to do so. A true and correct copies of the demand letter is attached hereto as Exhibit D.

## Count I - Breach of Contract

11. The plaintiff hereby incorporates all paragraphs above.

12. Pursuant to the purchase order and invoice, the defendant owes the plaintiff the Amount Due.

13. The defendant has failed and refused, and continues to fail and refuse, to pay the Amount Due to the plaintiff. As a result, the defendant is in breach of the contract.

14. The plaintiff requests that the Court enter judgment against the defendant and in favor of the trustee for the Amount Due.

## Count II - Account Stated

15. The plaintiff hereby incorporates all paragraphs above.

16. The defendant received the invoice identifying the Amounts Due.

17. The defendant did not object to the Amount Due.

18. The plaintiff is entitled to judgment for the Amount Due based on an account stated.

## Count III - Turnover of Assets of the Estate (11 U.S.C. §§ 542 and 543)

19. The plaintiff hereby incorporates all paragraphs above.

20. The Amount Due constitutes property of the Wynit bankruptcy estate.

21. Sections 542 and 543 of the Bankruptcy Code require that the defendant turn over or deliver such property to the plaintiff and account for the property or its value.

22. The defendant is in possession of property of Wynit's estate, and for which there has been no turnover or accounting.

23. The plaintiff requests that the Court order the defendant to turn over the estate property and provide an accounting to the plaintiff. Specifically, the plaintiff is entitled to an order directing the defendant to turn over $12,454.17 in connection with Wynit Distribution, LLC.

## Count IV
## Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)

24. The plaintiff hereby incorporates all paragraphs above.

25. Pursuant to 11 U.S.C. § 502(d), the court is required to disallow any claims that the defendant holds against the debtor until and unless the defendant has paid the plaintiff the amount the defendant is liable to the trustee under 11 U.S.C. § 542.

**WHEREFORE**, the plaintiff demands judgment against the defendant as follows:

1. Judgment in an amount equal to the Amount Due in favor of the plaintiff and against the defendant; specifically, judgment against the defendant and in favor of the plaintiff for the benefit of the estate of Wynit Distribution, LLC in the amount of $12,454.17;

2. Judgment in favor of the plaintiff and against the defendant directing that the Amount Due be turned over to the plaintiff;

3. Judgment against the defendant in favor of the plaintiff for damages;

4. Sustaining the plaintiff's objection to any claims held or asserted by the defendant in their entirety;

5. For pre-trial and post-trial interest as allowed by law and the Agreement;

6. For the plaintiff's costs and disbursements herein; and

7. For such other and further relief as the Court deems just and equitable.

Dated: June 11, 2019                          MANTY & ASSOCIATES, P.A.

                                                 By: */e/ Christopher A. Camardello*
Nauni Manty (#230352)
Christopher A. Camardello (#284798)
401 Second Avenue North, Suite 400
Minneapolis, MN 55401-2097
Phone: (612) 465-0349
Email: chris@mantylaw.com

*Attorneys for the Trustee*

## **VERIFICATION**

I, Nauni Manty, trustee and plaintiff named in the complaint, declare under penalty of perjury that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

Dated: June 11, 2019

_____
Nauni Manty, Trustee