UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | JOINTLY ADMINISTERED UNDER |
| | BKY 17-42726 |
| | Chapter 7 |
| | |
| WYNIT Distribution, LLC, | BKY 17-42726 |
| WD Navarre Distribution, LLC, | BKY 17-42728 |
| WD Encore Software, LLC, | BKY 17-42729 |
| WD Navarre Holdings, LLC, | BKY 17-32864 |
| WD Navarre Digital Services, LLC, | BKY 17-32865 |
| WYNIT Holdings, Inc., | BKY 17-32866 |
| WD Navarre Canada, ULC, | BKY 17-32867 |
| | |
| Debtors. | |

---

| | |
|---|---|
| Nauni Manty, as chapter 7 Trustee of the Bankruptcy Estates of the above-named debtors, | Adv. No. 19-_____ |
| | |
| Plaintiff, | |
| | **COMPLAINT** |
| v. | |
| | |
| Federal Express Corporation d/b/a FedEx Express, FedEx Freight Corporation and FedEx Freight Canada Corporation, | |
| | |
| Defendants. | |

---

The plaintiff, Nauni Manty, as the chapter 7 trustee for the bankruptcy estates of the debtors, states and alleges as follows:

1.      This complaint seeks avoidance and recovery under 11 U.S.C. §§ 547, 550, and 551 against the defendants in the approximate amount of $468,142.84.

**JURISDICTION, VENUE AND PARTIES**

2.    The debtors filed petitions commencing these cases as chapter 11 bankruptcy cases on September 8, 2017. This adversary proceeding involves transfers made from the debtors to the defendants.

3.    On January 17, 2018, the bankruptcy court converted these cases to chapter 7 bankruptcies and appointed the plaintiff as chapter 7 trustee.

4.    This complaint is filed under Fed. R. Bankr. P. 7001(1) and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) as an action arising in or related to a case under Title 11. All matters under 28 U.S.C. §§ 1334 and 157(a) have been referred to this court by operation of Local Rule 1070-1, adopted pursuant to the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges by the District Court on July 27, 1984. The causes of action stated herein qualify as enumerated core claims under 28 U.S.C. §§ 157(2)(A), (F), and (O).

5.    Venue of this adversary proceeding is proper pursuant to 28 U.S.C. § 1409.

6.    As the appointed chapter 7 trustee, the plaintiff has standing to commence this adversary proceeding pursuant to 11 U.S.C. §§ 547, 550 and 551.

7.    Upon information and belief, defendant Federal Express Corporation d/b/a FedEx Express is a corporation organized under the laws of Delaware with a principal place of business at 3610 Hacks Cross Road, Memphis, TN 38125, defendant FedEx Freight Corporation is a corporation organized under the laws of Delaware with a principal place of business at 1715 Aaron Brenner Drive, Ste. 600, Memphis, TN 38120, and FedEx Freight Canada, Corp. is a corporation organized under the laws of Ontario, Canada with a principal place of business at 5580 Explorer Drive, Suite 600, Mississauga, Ontario, L4W 4Y1, Canada.

8.      The debtors' records reflect that the following payments were made from their general operating accounts at Wells Fargo Bank, N.A. to the defendants:

|  | Pmt. Date | Amount |
|---|---|---|
| FedEx Express | 6/9/2017 | $ 3,067.85 |
| FedEx Express | 6/9/2017 | $ 818.52 |
| FedEx Express | 6/16/2017 | $ 2,124.05 |
| FedEx Express | 6/16/2017 | $ 595.27 |
| FedEx Express | 6/22/2017 | $ 4,774.41 |
| FedEx Express | 6/22/2017 | $ 282.64 |
| FedEx Express | 6/29/2017 | $ 41,723.44 |
| FedEx Express | 6/30/2017 | $ 1,641.74 |
| FedEx Express | 7/6/2017 | $ 1,937.61 |
| FedEx Express | 7/6/2017 | $ 39,399.06 |
| FedEx Express | 7/14/2017 | $ 300.74 |
| FedEx Express | 7/20/2017 | $ 13,621.49 |
| FedEx Express | 7/21/2017 | $ 6,582.02 |
| FedEx Express | 7/27/2017 | $ 22,223.55 |
| FedEx Express | 7/27/2017 | $ 18,211.69 |
| FedEx Express | 8/4/2017 | $ 13,679.38 |
| FedEx Express | 8/18/2017 | $ 6,559.48 |
| FedEx Express | 8/24/2017 | $ 1,838.06 |
| Subtotal | | $ 179,381.00 |
| | | |
| FedEx Freight | 6/9/2017 | $ 39,438.06 |
| FedEx Freight | 6/16/2017 | $ 22,103.09 |
| FedEx Freight | 6/22/2017 | $ 19,973.92 |
| FedEx Freight | 6/30/2017 | $ 17,472.04 |
| FedEx Freight | 7/6/2017 | $ 32,253.96 |
| FedEx Freight | 7/14/2017 | $ 40,455.69 |
| FedEx Freight | 7/21/2017 | $ 3,184.61 |
| FedEx Freight | 7/27/2017 | $ 52,814.09 |
| FedEx Freight | 8/4/2017 | $ 19,276.16 |
| FedEx Freight | 8/10/2017 | $ 1,832.51 |
| FedEx Freight | 8/18/2017 | $ 13,923.71 |
| Subtotal | | $ 262,727.84 |
| | | |
| FedEx Canada | 6/9/2017 | $ 2,748.72 |
| FedEx Canada | 6/16/2017 | $ 2,486.32 |
| FedEx Canada | 6/29/2017 | $ 4,867.41 |
| FedEx Canada | 7/6/2017 | $ 568.91 |

| | | | |
|---|---|---|---|
| FedEx Canada | 7/14/2017 | $ | 3,522.95 |
| FedEx Canada | 7/27/2017 | $ | 1,097.39 |
| FedEx Canada | 8/4/2017 | $ | 2,437.12 |
| FedEx Canada | 8/18/2017 | $ | 6,331.21 |
| FedEx Canada | 8/25/2017 | $ | 1,973.97 |
| | Subtotal | $ | 26,034.00 |
| | Total | $ | 468,142.84 |

9.      To the extent that there were additional transfers made to the defendants, the trustee reserves the right to supplement her request for recovery.

10.      On and before the dates it received payments from the debtors the defendants were creditors of the debtors, and held claims and debts against the debtors arising from goods and services provided to the debtors. Payments to the defendants by the debtors were made to pay the claims and debts owed to the defendants.

11.      According to the debtor's records, the claims register and the petition, the debtors were not paying all of their bills as they came due before, during and after the timeframe of the transfer. This includes, but is not limited to, at least 341 claims that have been filed in the bankruptcy of debtor WYNIT Distribution, which claims total at least $287,074,614.10., 59 creditors that have filed claims in the bankruptcy of debtor WD Navarre Distribution, which claims total $157,483,435.97,.

12.      Upon information and belief, based on the value of the debtor's assets and liabilities in the petition and schedules, the debtors' liabilities exceeded the value of assets when the transfers were made.

13.      Unsecured creditors of the debtors are not expected to recover 100% of their claims in the debtors' chapter 7 bankruptcy cases. The payments to the defendants resulted in a dollar-for-dollar reduction of the debts that the debtors owed to the defendants, which is a better

4

result than defendants would have realized as part of chapter 7 distributions had the payments

not been made.

**Count I: Avoidance of Payments as Avoidable Preferences Under § 547(b)**

14.     All paragraphs above are incorporated herein by reference.

15.     Section 547(b) of the bankruptcy code permits avoidance of a transfer of: (1) the

debtor's interest in property; (2) to or for the benefit of a creditor; (3) for or on account of an

antecedent debt owed to the debtor before the transfer was made; (4) made while the debtor is

insolvent; (5) made within 90 days before the bankruptcy filing or up to one year before the

bankruptcy filing if the creditor is an insider; (6) that enabled the creditor to receive more than it

would have had the transfer not been made and if the creditor received an ordinary distribution as

a creditor in the debtor's chapter 7 bankruptcy.

16.     The payments were transfers of the debtors' interest in property.

17.     Before and at the time of the payments, the defendants were creditors of the

debtors.

18.     The payments were made on account of antecedent debts owed by the debtors to

the defendants.

19.     The payments occurred within 90 days before the debtors' bankruptcy filing.

20.     The debtors were insolvent at the time of the payments.

21.     The payments enabled the defendants to receive more than they would have

received if the payments had not been made and if the defendants received payment of such

debts in chapter 7 bankruptcy cases.

22.     Therefore, the payments are avoidable as preferential transfers under 11 U.S.C.

§ 547 and should be avoided.

5

**Count II: Preservation and Recovery of Transfers, or Money Judgment Against the Defendants under §§ 550 and 551**

23.    All paragraphs above are incorporated herein by reference.

24.    Section 550(a) of the bankruptcy code states, "to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of the property, from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee."

25.    Section 551 of the bankruptcy code provides that "any transfer avoided under section…547…of this title…is preserved for the benefit of the estate."

26.    The defendants received transfers which should be avoided.

27.    Under 11 U.S.C. § 550, the defendants are liable as initial transferees to the trustee in the amount of $468,142.84.

**WHEREFORE**, the plaintiff, Nauni Manty, prays for judgment against the defendants as follows:

(a)    For the avoidance and recovery of the money transfers in the minimum amount of the $468,142.84 received by the defendants;

(b)    For the Trustee's costs and disbursements herein;

(c)    For pre- and post-judgment interest as allowed by law; and

(d)    For such other and further relief as the court deems just and equitable.

Dated: August 20, 2019

MANTY & ASSOCIATES, P.A.

*/e/ Christopher A. Camardello*

Christopher A. Camardello (#284798)
Nauni Manty (#230352)
401 Second Avenue North, Suite 400
Minneapolis, MN 55401
Telephone: (612) 465-0901
mary@mantylaw.com

*Attorneys for the chapter 7 trustee*

**<u>VERIFICATION</u>**

I, Nauni Manty, trustee and plaintiff named in the complaint, declare under penalty of perjury that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

Dated:  August 20, 2019

_____
Nauni Manty, Trustee

8